[No. B092865. Second Dist., Div. Six. Mar. 5, 1996.]

GARY G. FOWLER, Plaintiff and Appellant, v.
ELSIE HOWELL, Defendant and Respondent.

## COUNSEL

William H. McKenzie for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Margaret Rodda, Assistant Attorney General, Richard J. Rojo and Jung D. Shin, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

GILBERT, J.—A public employee accuses a coworker of sexual harassment and rude behavior. The State Personnel Board adopts the findings of an administrative law judge who finds most, but not all, the accusations not proven. The accused employee then brings a malicious prosecution action against the complaining employee but fails to file a claim under the California Tort Claims Act. Is his action barred? We conclude it is.

Plaintiff Gary G. Fowler appeals a judgment in favor of defendant Elsie Howell, rendered after Howell's successful motion for judgment on the pleadings. We affirm and conclude Fowler's action is barred by the California Tort Claims Act. (Gov. Code, § 900 et seq.)[1]

---

[1] All statutory references are to the Government Code unless otherwise stated.

## FACTS

On December 9, 1993, plaintiff Gary G. Fowler brought an action against coworker Elsie Howell for malicious prosecution. Fowler, an officer of the California Highway Patrol, alleged that in May and June 1992, Howell falsely accused him of inefficiency, sexual harassment, and rude behavior. Fowler alleged that these false accusations caused him emotional and physical distress and damaged his reputation.

Fowler pleaded that the California State Personnel Board held a hearing on June 29, 1993, concerning Howell's accusations and found that Howell's claims of "inefficiency and calling [her] names were not proven . . . ." Fowler alleged that Howell acted without reasonable or probable cause in making accusations against him.

Howell answered the complaint and then moved for judgment on the pleadings. In part, she contended that Fowler failed to file a claim under the California Tort Claims Act, prior to bringing the lawsuit. (§§ 911.2, 945.4, 950.2.) In response, Fowler argued that he was not required to file a claim because Howell was not acting within the "scope of [her] employment" when she falsely accused him. (§ 950.2.) The trial judge took judicial notice of "the factual determinations" within the State Personnel Board's decision and determined that Howell acted within the scope of her employment. He concluded that Fowler's lawsuit was barred because Fowler failed to file a claim prior to filing suit.

Fowler appeals and asserts the trial court improperly took judicial notice of the factual findings adopted by the State Personnel Board. He also contends there is a triable factual issue whether Howell was acting "in the scope of [her] employment as a public employee." (§ 950.2.)

## DISCUSSION

## I.

■ Fowler argues that the trial court improperly took judicial notice of factual findings adopted by the State Personnel Board to decide that Howell acted within the scope of her employment. He correctly points out that a court may not take judicial notice of the *truth* of a factual finding made in another action. (*Sosinsky* v. *Grant* (1992) 6 Cal.App.4th 1548, 1568-1569 [8 Cal.Rptr.2d 552] [discussing distinction between existence of a factual finding and the asserted truth of that finding].)

Like the trial court, we take judicial notice of the September 7 and 8, 1993, decision of the California State Personnel Board. (Evid. Code, §§ 452,

subd. (c), 459.) Evidence Code section 452, subdivision (c) permits the trial court to take judicial notice of the records and files of a state administrative board. (*Hogen* v. *Valley Hospital* (1983) 147 Cal.App.3d 119, 125 [195 Cal.Rptr. 5] [judicial notice of records of Board of Medical Quality Assurance]; *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 85-86 [31 Cal.Rptr. 524] [judicial notice of records of State Board of Control and office of State Controller].)

We limit our judicial notice, however, to this: On September 7 and 8, 1993, the State Board of Personnel adopted the factual findings and decision of the administrative law judge in In re *Gary C. Fowler* (1993) S.P.B. Decision No. 31547. The administrative law judge found "only a few of the charges" proven but "the most serious charge, the years of calling Ms. Howell names, was not proven. . . ." *(Sosinsky* v. *Grant, supra,* 6 Cal.App.4th 1548, 1563, fn. 8 [court may take judicial notice that a court made a particular ruling].)[2]

## II.

■ Fowler asserts the trial court improperly granted judgment on the pleadings because whether Howell acted "in the scope of [her] employment as a public employee" is a factual issue. (§ 950.2; *Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202, 213 [285 Cal.Rptr. 99, 814 P.2d 1341] ["scope of employment" is a factual issue unless facts are undisputed and no conflicting inferences possible].) He relies upon *Davaris* v. *Cubaleski* (1993) 12 Cal.App.4th 1583, 1591 [16 Cal.Rptr.2d 330], holding that defamatory statements are not part of the employment relationship or a risk of employment.

In discussing Fowler's contention, we review his complaint to determine if it states a cause of action as a matter of law. (*Evans* v. *California Trailer Court, Inc.* (1994) 28 Cal.App.4th 540, 548 [33 Cal.Rptr.2d 646] [discussing review of judgment on the pleadings].) In this task, we assume the truth of all material facts Fowler alleged in his complaint. (*Id.* at pp. 548-549.)

■ Section 950.2 provides that "a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred" unless a timely claim has been filed against the employing public entity. (See § 911.2.) An employee acts within "the scope of his employment" when he is engaged in work he

---

[2]The administrative law judge found that Fowler did not call Howell derogatory names ("old goat," "old bat," "old battle ax," "hag") but did describe her as "incompetent" and made a "rather crude" remark once when she returned from the bathroom.

was employed to perform or when an act is incident to his duty and was performed for the benefit of his employer and not to serve his own purpose. (*Mazzola* v. *Feinstein* (1984) 154 Cal.App.3d 305, 311 [201 Cal.Rptr. 148].) "[T]he proper inquiry is not ' "whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the [employee] which were authorized by the [employer.]" ' " (*Perez* v. *Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 970 [227 Cal.Rptr. 106, 719 P.2d 676].) We view "scope of employment" broadly to include willful and malicious torts as well as negligence. (*John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 447 [256 Cal.Rptr. 766, 769 P.2d 948].) That an employee is not " 'engaged in the ultimate object of his employment' " at the time of his wrongful act does not necessarily mean the employee acted outside the scope of his employment. (*Ibid.*)

Whether an employee has acted within the scope of his employment is ordinarily a factual issue to be resolved by the trier of fact. (*Mary M.* v. *City of Los Angeles, supra,* 54 Cal.3d 202, 213, 221 [sufficient evidence to support jury determination that police officer who raped citizen misused official authority and thus acted within scope of employment]; *Perez* v. *Van Groningen & Sons, Inc., supra,* 41 Cal.3d 962, 968.) When the facts are undisputed and no conflicting inferences possible, the issue becomes one of law. (*Mary M.* v. *City of Los Angeles, supra,* 54 Cal.3d 202, 213; *John R.* v. *Oakland Unified School Dist., supra,* 48 Cal.3d 438, 447.)

■ As a matter of law, Howell acted within "the scope of [her] employment" by complaining to her employer of Fowler's behavior. (§ 950.2.) Section 12940, subdivision (h), requires an employer to prevent sexual harassment of one employee by another. "Harassment of an employee or applicant by an employee other than an agent or supervisor shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An entity shall take all reasonable steps to prevent harassment from occurring." (§ 12940, subd. (h).) We hold as a matter of law that an employee who has been encouraged to complain and provided a procedure to complain of sexual harassment by a coworker acts within "the scope of [her] employment" by making such complaint.

■ In the related area of respondeat superior, our Supreme Court has declared three reasons for holding an employer liable for the acts of his employee committed within the scope of employment. (*Mary M.* v. *City of Los Angeles, supra,* 54 Cal.3d 202, 209.) Application of the respondeat superior rule prevents recurrence of the wrongful acts, assures compensation for the victim and ensures that those benefitting from the enterprise bear the

victim's losses. (*Ibid.*) ■ These reasons support our holding. An employer can best prevent and control harassment and false allegations of harassment in the workplace.

Other decisions have determined an employee's acts to be within the scope of employment as a matter of law. *Hardy* v. *Vial* (1957) 48 Cal.2d 577, 579-580 [311 P.2d 494, 66 A.L.R.2d 739], concerned a lawsuit brought by a college professor against college and state employees who sought his dismissal for "gross immorality and unprofessional conduct." The trial court sustained defendants' demurrer. The reviewing court affirmed and held defendants were immunized from suit because they acted "within the scope of [their] official duties." (*Id.* at p. 583.)

*Perez* v. *Van Groningen & Sons, Inc.*, *supra*, 41 Cal.3d 962 involved plaintiff's fall from a tractor driven by his uncle as the uncle tilled his employer's orchard. Our Supreme Court held as a matter of law that the uncle-employee acted within the scope of his employment at the time plaintiff fell, despite a workplace rule that tractors were to have no passengers. (*Id.* at p. 970.)

*Mazzola* v. *Feinstein*, *supra*, 154 Cal.App.3d 305 held, as a matter of law, that a county supervisor acted within the scope of her employment when she made allegedly slanderous statements concerning striking employees. (*Id.* at p. 312.) The defendant-supervisor made these statements as a member of a factfinding committee examining wages and hours of employment. *Mazzola* held that the supervisor's actions were "at the very least, conduct incident to her duties as a supervisor, undertaken for the benefit of her employer . . . rather than for her own personal reasons." (*Id.* at p. 312.)

*Davaris* v. *Cubaleski*, *supra*, 12 Cal.App.4th 1583, is factually distinguishable. There the employer allegedly slandered an employee by referring to her as a " 'Jew dictator,' " and accusing her of embezzlement and inefficiency, among other complaints. *Davaris* held that a cause of action for defamation lay outside the exclusivity provisions of the workers' compensation law. (*Id.* at p. 1591.) Although workers' compensation decisions are helpful in determining "scope of employment" questions, they are not controlling because workers' compensation law involves different standards. (*Perez* v. *Van Groningen & Sons, Inc.*, *supra*, 41 Cal.3d 962, 967, fn. 2.)

The trial court also took judicial notice that the records of the State Board of Control do not contain a claim filed by Fowler concerning Howell's allegedly false accusations. (A state employee familiar with the records of the Board of Control searched the records and so declared.) We likewise take

judicial notice of these records. (Evid. Code, §§ 452, subd. (c), 459.) Because Fowler did not file a claim as required by section 950.2, his action is barred. (*Mazzola* v. *Feinstein, supra,* 154 Cal.App.3d 305, 310.)

Accordingly, the judgment is affirmed. Fowler shall bear costs on appeal.

Stone (S. J.), P. J., and Yegan, J., concurred.

A petition for a rehearing was denied March 29, 1996, and appellant's petition for review by the Supreme Court was denied June 12, 1996.