Barbara HARLOW; Tony Circella; Mary Circella, Plaintiffs–Appellants,

v.

COUNTY OF RIVERSIDE, an entity; The Riverside County Department of Public Social Services, an entity; The Riverside County Department of Chil-

dren Services, an entity Jill Johnson; Jennifer Weber, individually and in her official capacity as a Children's social worker, Defendants–Appellees.

No. 06–55518.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2008.*

Filed Oct. 6, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Barbara Harlow, CORONA, CA, pro se.

Tony Circella, Corona, CA, pro se.

Mary Circella, Corona, CA, pro se.

Daren Eric Hengesbach, Esq., Middlebrook Kaiser & Popka, Christopher D. Lockwood, Esq., Arias & Lockwood, San Bernardino, CA, for Defendants–Appellees.

Before: HUG, FARRIS, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Plaintiff Barbara Harlow[1] ("Harlow") appeals the district court's grant of summary judgment to the defendants in this action. Harlow brought this action under 42 U.S.C. §§ 1983 and 1985 and state law, alleging that the individual defendants, both social workers employed by Riverside County, made misrepresentations to the court during her grandson's dependency proceedings and that the county defendants had a policy of permitting such conduct. Harlow further alleged violations of her due process rights and right to be free of unreasonable searches and seizures. The district court granted the defendants' summary judgment motion on two separate grounds. The first ground was that Harlow's claims were barred by the statute of limitations, and the alternate ground was that all defendants were immune from suit, the county defendants under state law, and the individual defendants under both state and federal law.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Guidiville Band of Pomo Indians v. NGV Gaming, Ltd.*, 531 F.3d 767, 772 (9th Cir.2008). We agree with the district court that Harlow's state and federal claims were barred by the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Though Harlow purports to be the representative of the other district court plaintiffs, a pro se litigant may only represent herself. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987). We therefore do not address any arguments made on the other plaintiffs' behalf. In any event, the other plaintiffs' notice of appeal was not timely filed, depriving us of jurisdiction over their claims even if Harlow could represent them.

applicable statutes of limitations, and we therefore affirm. We need not, and do not, reach the question whether the individual and county defendants are shielded by immunity doctrines.

## I.

■ We apply the forum state's statute of limitations for personal injury actions to claims brought under 42 U.S.C. §§ 1983 and 1985. *Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710, 711 (9th Cir.1993) (per curiam). California applies a one-year statute of limitations for personal injury actions that accrued prior to January 1, 2003. *See Maldonado v. Harris,* 370 F.3d 945, 954–55 (9th Cir.2004). The claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). Harlow's claim accrued in May 2001, when she first determined that Defendant Johnson had made misrepresentations during the dependency proceedings, yet she did not file her complaint until August 2003. Her federal claims are therefore untimely.

## II.

■ In order to sue a public entity for damages in California, a plaintiff must first file a timely claim with the entity for administrative adjudication. CAL. GOV'T CODE §§ 905, 915, 945.4. Claims "relating to a cause of action for death or injury to person or to personal property" must be presented to the agency within six months of the accrual of the cause of action, and claims "relating to any other cause of action" must be presented within one year. CAL. GOV'T CODE § 911.2(a). Once the agency has taken action on the claim, the claimant has six months to commence a lawsuit. CAL. GOV'T CODE § 945.6(a)(1). If a suit against a public entity is barred for noncompliance with the claim procedure, then a suit against an employee of that entity "for injury resulting from an act or omission in the scope of his employment" is also barred. CAL. GOV'T CODE § 950.2.

California law holds that "the limitations period begins once the plaintiff has notice or information of circumstances to put a reasonable person *on inquiry* . . . ." *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923, 927–28 (1988) (internal quotation marks and citations omitted, emphasis in original). Harlow testified that she first began to suspect that Johnson had made misrepresentations during the dependency proceedings in May 2001. At this point, Harlow was on inquiry notice. However, Harlow did not file a claim with the county until December 2002. This claim was later rejected in February 2003. Harlow's claim against the county is therefore barred by the statute of limitations.

■ Because Harlow cannot maintain her suit against the county, her suit against the county employees, who were acting within their scope of employment, is barred as well. CAL. GOV'T CODE § 950.2; *see also Fowler v. Howell,* 42 Cal.App.4th 1746, 50 Cal.Rptr.2d 484, 487 (1996) (holding that an employee acts within the scope of employment when the employee engages in work he or she was employed to perform).

Accordingly, because Harlow failed to file a timely claim with the county, her state law claims against all defendants are barred.

The district court's order is **AFFIRMED.**