Filed 5/3/13  Brikha v. Chang CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HENRY BRIKHA,<br><br>       Plaintiff and Appellant,<br><br>              v.<br><br>KENNETH H. CHANG,<br><br>       Defendant and Respondent. | F065005<br><br>(Super. Ct. No. CV-270128)<br><br><br>**OPINION** |

---

<u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Henry Brikha, in pro. per., for Plaintiff and Appellant.

Hall, Hieatt & Connely, Jay A. Hieatt and Stephanie A. Bowen for Defendant and Respondent.

-ooOoo-

Appellant, Henry Brikha, received medical treatment from respondent, Dr. Kenneth H. Chang, a resident physician employed by the County of Kern (County) at the

---

[*]       Before Wiseman, Acting P.J., Levy, J. and Peña, J.

County's hospital, Kern Medical Center. Appellant filed a personal injury complaint against Chang and Kern Medical Center alleging a cause of action for medical malpractice. However, before filing his complaint, appellant did not file a claim with the County, a public entity, as required by the Government Claims Act. (Gov. Code,[1] § 810 et seq.)

Chang moved for summary judgment based on appellant's failure to file a claim with the County before bringing suit. Appellant did not oppose this motion.

The trial court granted summary judgment in favor of Chang finding that: appellant was required to file a claim with the County prior to filing suit against its former public employee, Chang; appellant failed to file a government claim; and Chang, a former public employee, acted within the scope of his employment with the County when he rendered care to appellant.

On appeal, appellant contends that Chang is not immune from liability and therefore summary judgment should not have been granted. However, contrary to appellant's position, the claim filing requirement is not a "nebulous, unnecessary and ineffective administrative hurdle." Rather, timely claim presentation is a condition precedent to the ability to maintain an action against the public entity and/or the public entity's employee. Accordingly, the judgment will be affirmed.

## DISCUSSION

Our review of a summary judgment is de novo. Therefore, we must decide independently whether the undisputed material facts warrant judgment for the moving party as a matter of law. (*California Restaurant Management Systems v. City of San Diego* (2011) 195 Cal.App.4th 1581, 1590-1591.)

---

[1] All further statutory references are to the Government Code.

Before suing a public entity for personal injuries, the plaintiff must present a timely written claim for damages to the entity. (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208.) Such timely claim presentation is a condition precedent to filing an action against the entity and thus is an element of the plaintiff's cause of action. (*Id.* at p. 209.) Accordingly, failure to timely present such a claim bars a plaintiff from maintaining a lawsuit against that entity. (*State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1239.)

Additionally, under section 950.2, when an employee of the public entity is sued for an act or omission in the scope of his or her employment, the plaintiff is required to present a timely claim to the employing public entity. The action against the employee or former employee is barred by the failure of the plaintiff to present such a claim. (*Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1750; *C.A. Magistretti Co. v. Merced Irrigation Dist.* (1972) 27 Cal.App.3d 270, 274.)

Here, it is undisputed that Chang was employed by the County, a public entity, at the County's hospital when the alleged medical malpractice took place. It is also undisputed that Chang was acting in the scope of his employment when he treated appellant. Appellant admitted that he did not file a claim with the County. Therefore, appellant cannot maintain his action against Chang. Thus, the trial court properly granted summary judgment in Chang's favor.

Appellant refers to his legal representation as being inadequate. However, for purposes of this appeal, counsel's competence is irrelevant. A plaintiff is not excused from the claim presentation requirement based on attorney error. (Cf. *Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 933-934.)

## DISPOSITION

The judgment is affirmed. In the interests of justice, no costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)