Filed 5/17/13  Memon v. Schultz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NOOR MOHAMED MEMON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PETER M. SCHULTZ et al.,<br><br>Defendants and Respondents. | F063473<br><br>(Super. Ct. No. 10C0385)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Edward M. Ross, Judge.

Noor M. Memon, in pro. per., for Plaintiff and Appellant.

Nelson & Rozier and Jeffery S. Nelson for Defendants and Respondents Lemoore Police Department and Jeff Law.

Weakley & Arendt, James J. Arendt and Michelle E. Sassano for Defendant and Respondent Ronald Calhoun.

Laurence Meyer, in pro. per., for Defendant and Respondent Laurence Meyer.

---

[*]    Before Levy, Acting P.J., Cornell, J. and Kane, J.

-ooOoo-

Appellant, Noor Mohamed Memon, filed a complaint for fraud against multiple defendants including respondents, the Lemoore Police Department, Lemoore Chief of Police Jeff Law, District Attorney Ronald Calhoun, and defense attorney Laurence Meyer.  Appellant alleged that the defendants committed fraud in convicting his son, Jonathon Dugan, of criminal charges and sending Dugan to prison.  Appellant requested that Dugan's conviction be overturned, all of Dugan's records be sealed, and that all civil and constitutional rights be restored to Dugan.

Through demurrers, respondents argued the complaint should be dismissed for various reasons, including that:  the complaint was barred by the statute of limitations; appellant did not have an actual and substantial interest in the subject matter of the action; and appellant did not comply with the Government Claims Act.  In addition to his demurrer, Meyer filed a special motion to strike the complaint.  (Code Civ. Proc., § 425.16.)

The trial court sustained the demurrers without leave to amend and granted Meyer's motion.  Appellant has provided neither argument nor citation to relevant authority regarding why these orders should be reversed.  Moreover, respondents' demurrers were properly sustained.  Accordingly, the judgment will be affirmed.

## DISCUSSION

Appellant contends that the trial court's orders should be reversed.  However, appellant's opening brief contains neither an intelligible legal argument nor any citations to relevant authority as are required to support his contention.  (*Kensington University v. Council for Private Postsecondary etc. Education* (1997) 54 Cal.App.4th 27, 42-43.)  Thus, appellant has not met his burden of demonstrating that the trial court erred.

Moreover, appellant's complaint suffers from the defects set forth by respondents in their demurrers.

2.

The alleged fraud cause of action arose on January 12, 2006, when Dugan entered a guilty plea and was sentenced. However, appellant did not file his complaint until October 21, 2010. Therefore, the complaint is barred by the three-year statute of limitations for fraud causes of action. (Code Civ. Proc., § 338, subd. (d).)

Further, appellant is alleging the fraud cause of action on behalf of Dugan. Thus, appellant is not the real party in interest, i.e., he has suffered no harm and no remedy can provide him relief. (Code Civ. Proc., § 367; *City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 60.) Accordingly, appellant cannot prosecute the action.

Finally, appellant's complaint is barred by the Government Claims Act. Appellant filed his complaint against the Lemoore Police Department and various public employees for acts committed in the scope of their employment. Before suing a public entity or the public entity's employee for personal injuries, the plaintiff must present a timely written claim for damages to the entity. (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208.) Such timely claim presentation is a condition precedent to filing an action against the entity or the employee and thus is an element of the plaintiff's cause of action. (*Id.* at p. 209; *Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1750.) Appellant did not file such claims and thus his action against the Lemoore Police Department and the public employees is barred.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.