Filed 6/28/13  Redmayne-Titley v. Palumbo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BRETT REDMAYNE-TITLEY, | D062043 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2010-00061785-CU-NP-CTL) |
| JONI FRANCINE PALUMBO, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Robert P. Dahlquist, Judge.  Affirmed.

Brett Redmayne-Titley, in pro. per., for Plaintiff and Appellant.

Thomas E. Montgomery, County Counsel, and James M. Chapin, Deputy County

Counsel, for Defendant and Respondent.


Brett Redmayne-Titley appeals from a summary judgment in favor of Joni Francine

Palumbo, an Animal Control Officer for the County of San Diego.  Redmayne-Titley

contends the trial court erred in finding (1) he was required to file a government claim

under the California Tort Claims Act (Gov. Code, § 900 et seq.) as a precondition to filing

his lawsuit, and (2) he could not maintain his claim against Palumbo under 42 United States Code section 1983 (section 1983). We find no merit to Redmayne-Titley's contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2008, Palumbo was on duty in Encinitas when she saw Redmayne-Titley with two dogs without leashes in violation of San Diego County's leash law. Palumbo informed Redmayne-Titley that he either needed to put the dogs on leashes or take them home. After an argument ensued, Palumbo requested Redmayne-Titley's driver's license to issue him a citation. At some point, Redmayne-Titley got into his parked car and started the engine. Palumbo thought he was going to flee the scene and went to the rear of the car to write down his license plate number. According to Palumbo, Redmayne-Titley backed up the car causing the bumper to hit her legs. Palumbo called for backup and the deputy sheriffs that arrived took a report. Palumbo did not issue a citation to Redmayne-Titley.

Redmayne-Titley was charged with assault with a deadly weapon and resisting arrest. Paul Greenwood, the deputy district attorney assigned to the case, stated he exercised independent judgment in determining which charges to file against Redmayne-Titley. Greenwood explained that he never brings a case unless he is convinced beyond a reasonable doubt that he can prove the crimes charged. After a preliminary hearing, the court dismissed the assault with a deadly weapon charge. Redmayne-Titley pleaded guilty to a lesser charge on the resisting arrest count.

2

Redmayne-Titley filed an action against Palumbo arising from the September 2008 incident. In the operative complaint, Redmayne-Titley brought causes of action for violation of the Bane Act (Civ. Code, § 52.1), intentional and negligent infliction of emotional distress, malicious prosecution, and violation of his civil rights under section 1983. Redmayne-Titley alleged Palumbo acted outside the course and scope of her employment by fabricating false statements to the police and contacting the investigator and prosecutor on the case to encourage them to file certain charges against him. The trial court granted summary judgment in favor of Palumbo, finding Redmayne-Titley's state law claims were barred because he failed to file a claim under the Tort Claims Act. The court also found the section 1983 claim lacked merit because Redmayne-Titley did not "present admissible evidence rebutting the presumption that . . . Green[wood] exercised independent judgment in deciding to file charges against Redmayne-Titley."

DISCUSSION

## I. *Standard of Review*

In reviewing the grant of summary judgment, "we determine de novo whether an issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law. [Citation.] In other words, we must assume the role of the trial court and reassess the merits of the motion. [Citation.] In doing so, we will consider only the facts properly before the trial court at the time it ruled on the motion." (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1601.) We do not decide the merits of the issues, but limit our review to "determining if 'there is evidence requiring the fact-weighing procedures of a trial.'" (*Pensinger v. Bowsmith, Inc.* (1998) 60 Cal.App.4th 709, 717.)

3

## II. *Compliance with the Tort Claims Act*

Redmayne-Titley conceded that he did not present a claim to the County under the Tort Claims Act, but argues he was not required to do so because he sued Palumbo individually and she acted outside the course and scope of her employment.

With certain exceptions not applicable here, one who sues a public employee on the basis of acts or omissions in the scope of the employee's employment must file a claim against the public-entity employer under the claims filing procedures of the Tort Claims Act, as a precondition to bringing suit. (*Briggs v. Lawrence* (1991) 230 Cal.App.3d 605, 613; see also Gov. Code, §§ 950.2, 950.6, subd. (a).) "An employee acts within 'the scope of his employment' when he is engaged in work he was employed to perform or when an act is incident to his duty and was performed for the benefit of his employer and not to serve his own purpose. [Citation.] '[T]he proper inquiry is not "'whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the [employee] which were authorized by the [employer.]'"'" (*Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1750–1751.) Thus, the term "scope of employment" is viewed "broadly to include willful and malicious torts as well as negligence." (*Ibid.*) Further, the fact that "an employee is not '"engaged in the ultimate object of his employment"'" at the time of his wrongful act does not necessarily mean the employee acted outside the scope of his employment." (*Ibid.*; see also *Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 219.) "'If the object or end to be accomplished is within the employee's express or implied authority his act is deemed to be within the scope of his employment irrespective of its wrongful nature.'" (*Bahan v. Kurland* (1979) 98 Cal.App.3d 808, 812.)

4

"Ordinarily, the determination whether an employee has acted within the scope of employment presents a question of fact; it becomes a question of law, however, when 'the facts are undisputed and no conflicting inferences are possible.'" (*Mary M. v. City of Los Angeles*, *supra*, 54 Cal.3d at p. 213; *Fowler v. Howell*, *supra*, 42 Cal.App.4th at p. 1751.)

Here, Redmayne-Titley claims Palumbo acted outside the scope of her employment by providing false testimony to the police and contacting the case investigator approximately a week after the incident to suggest charges to file against Redmayne-Titley. To support this argument, Redmayne-Titley cites to correspondence allegedly from Palumbo to a detective. Although this document is in the record on appeal, it was not presented to the trial court. Accordingly, we will not consider it. (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632 ["[D]ocuments not before the trial court cannot be included as part of the record on appeal and thus must be disregarded as beyond the scope of appellate review."].)

Based on the record presented below, we conclude Palumbo acted within the course and scope of her employment. The evidence indicated Palumbo and Redmayne-Titley were involved in a dispute while Palumbo was on duty as an Animal Control Officer for the County of San Diego. The charges against Redmayne-Titley arose from that incident. Although Redmayne-Titley claims Palumbo provided false testimony to the police and improperly encouraged the investigator and prosecutor to file certain charges against him, there was no admissible evidence before the trial court to support these claims. Further, even if Palumbo made false statements, those statements do not remove Palumbo's acts from the scope of her employment, especially where they were incidental to her duties.

5

(See *Neal v. Gatlin* (1973) 35 Cal.App.3d 871, 876.) Similarly, even if Palumbo encouraged the prosecutor or investigator to bring certain charges, this act also arose from the incident with Redmayne-Titley where Palumbo was clearly acting within the scope of her employment.

The evidence before the trial court demonstrates that all of the tortious conduct Redmayne-Titley alleges was within the scope of Palumbo's employment as an Animal Control Officer. Redmayne-Titley was therefore required to comply with the requirements of the Tort Claims Act for claims against a public employee and his failure to do so barred these claims.

### III. *Section 1983 Claim*

Redmayne-Titley argues the trial court erred in finding he could not maintain his section 1983 claim against Palumbo on the basis that he failed to present evidence rebutting the presumption that Greenwood exercised independent judgment in filing charges against him.

"State courts look to federal law to determine what conduct will support an action under section 1983." (*Buenavista v. City and County of San Francisco* (1989) 207 Cal.App.3d 1168, 1174.) In *Smiddy v. Varney* (9th Cir. 1981) 665 F.2d 261, 264, the plaintiff filed a section 1983 suit against an investigating officer after a murder charge against him was dismissed for lack of evidence. On appeal, the court held the "[f]iling of a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time."

6

(*Id.* at p. 266.)  The filing of charges "break[s] the chain of causation between an arrest and prosecution."  (*Id*. at p. 267.)  "This presumption may be rebutted, however.  For example, a showing that the district attorney was pressured or caused by the investigating officers to act contrary to his independent judgment will rebut the presumption and remove the immunity."  (*Id.* at p. 266.)

Here, Greenwood, the deputy district attorney, testified that he exercised independent judgment in determining which charges to file.  Redmayne-Titley did not present any admissible evidence to the trial court rebutting Greenwood's testimony or demonstrating that Palumbo was motivated by personal animus against Redmayne-Titley. In the absence of such evidence, the trial court properly granted summary judgment in favor of Palumbo.

## DISPOSITION

The judgment is affirmed.  Palumbo is entitled to costs on appeal.


MCINTYRE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.