Filed 4/9/21  Tate v. UC Davis Medical Center CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LIONEL TATE, SR.,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>UC DAVIS MEDICAL CENTER et al.,<br><br>     Defendants and Respondents. | A156602<br><br>(Solano County Super. Ct. No. FCS051099) |
| LIONEL TATE, SR.,<br>     Plaintiff and Appellant,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al.,<br>     Defendants and Respondents. | A159818<br><br>(Solano County Super. Ct. No. FCS051099) |

Lionel Tate, Sr., a state prisoner proceeding in pro per, sued the California Department of Corrections (the Department), Correctional Officer J. Mann, the University of California Medical Center at Davis (UC Davis) and Dr. Michael Moore for injuries Tate allegedly sustained while being transported from UC Davis to a prison hospital.  The trial court dismissed the action in a series of rulings  due to Tate's failure to comply with the Government Claims Act (Gov. Code, §§ 810 et seq.) and the statute of

1

limitations for medical negligence.  We conclude the court ruled correctly, and, further, that it properly rejected Tate's multiple requests for entry of default.  We therefore affirm the judgment.

## BACKGROUND

In September 2016 Tate underwent surgery at UC Davis.  According to the complaint, he and Dr. Moore agreed he would be discharged back to California State Prison, Solano the day after surgery "to [perform his] normal daily routine."  Instead, he was transported to the prison hospital at Sierra Conservation Center in Jamestown.

Tate alleged that during the drive to Sierra Conservation Center he "was handcuffed, shackled, strapped in a van that had long bench (couch) type seats, under pain medication, with a tube (drain) hanging out of the surgery in his neck.  Going up the steep grade on the road, around sharp curves, and rollercoaster road caused plaintiff to bounce all over the van ('the Freddie Gray Experience').[1]  When [he] arrived at SCC-Jamestown he was sore all over his body from the bouncing around in the van."  Tate "refused all medication and medical care for fear of other harm that could be 'accidentally' caused to [him]" during the nine days he remained at the Sierra Conservation Center hospital.

Tate alleged that Dr. Moore and UC Davis (jointly, the medical defendants) negligently violated their agreement to discharge him directly back to prison and that, in so doing, Dr. Moore "negligently went along with [the Department's] deliberate ploy" to retaliate against him for an unrelated claim he had previously filed against it.  Officer Mann escorted Tate to

---

[1] This was apparently referring to the 2015 death of Freddie Carlos Gray, Jr. during transport in a Baltimore police van.  (See *Death of Freddie Gray* < https://en.wikipedia.org/wiki/Death_of_Freddie_Gray> [as of April 9, 2021].)

2

Jamestown and was allegedly part of the Department's scheme to send him there on the "Freddie Gray Experience." The complaint sought $50,000,000 in compensatory damages, plus punitive damages.

The medical defendants demurred to the complaint, arguing the claims against them were barred by Tate's failure to comply with the Government Claims Act and the one-year statute of limitations for medical negligence. The court sustained the demurrer without leave to amend. It ruled: "The complaint alleges that Plaintiff was aware of his alleged injury on September 15, 2016 when he was transported from the hospital to Sierra Conservation Center. Yet he did not file this action until June 29, 2018, which was more than one year later. Therefore, the action is barred by the one-year statute of limitations of CCP Section 340.5." The court also found the complaint failed to allege sufficient facts to show Tate filed a government claim against the medical defendants before filing suit and was therefore barred by the Government Claims Act. Accordingly, the claims against the medical defendants were dismissed.

Tate proceeded to file an amended complaint against the Department and Officer Mann. The Department moved for judgment on the pleadings, asserting the action was barred by Tate's failure to comply with the Government Claims Act and, in support, requesting judicial notice of the fact that he failed to submit a government claim regarding the  incident. The request for judicial notice was supported by a certification prepared by custodian of records Alexandra Gottlieb declaring that a diligent search of the Government Claims Program's records failed to locate any claims pertaining to the incident. Officer Mann demurred to the amended complaint on the same basis.

3

The court granted the request for judicial notice and found Tate had not filed a pertinent government claim.  On that basis it sustained Officer Mann's demurrer and granted the Department's motion for judgment on the pleadings without leave to amend.[2]

Tate filed timely separate appeals from the ensuing judgments of dismissal.  In light of the substantial legal and factual overlap between the two appeals, we now order the two appeals consolidated for disposition.

**DISCUSSION**

**I. Tate's Claims Against the Medical Defendants Are Barred by the Statute of Limitations**

As noted, the court found Tate's claims against the medical defendants were barred by the one-year limitations period for any "action for injury or death against a health care provider based upon such person's alleged professional negligence," commencing on the date "the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury." (Code Civ. Proc., § 340.5; *Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 346 (*Larson*).)  Tate disagrees, asserting he sued UC Davis and Dr. Moore for violating a "doctor-patient agreement" to discharge him back to the state prison at Solano.  This, he maintains, sounds in ordinary, not professional, negligence.[3]  This assertion is meritless.

---

[2] Over the course of the litigation the court also denied Tate's requests for entry of default as to all defendants.  We discuss Tate's challenge to those denials in section III, pp. 8-10, *post*.

[3] Tate also alleged an intentional tort claim, but that cause of action named only the CDCR, not the medical defendants.  However, even if there were some ambiguity in that regard, the result is the same.  The trial court sustained the medical defendants' demurrer to the intentional tort claim on the ground of uncertainty  and the sole reference to that ruling in Tate's opening brief is a statement, unsupported by legal argument or citation to

4

"[W]hen a plaintiff asserts a claim against a health care provider on a legal theory other than professional negligence, courts must determine whether the claim is nonetheless *based on the health care provider's professional negligence.*" (*Larson, supra,* 230 Cal.App.4th at p. 347; *see Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75, 82.) Our focus in making that determination is "on the nature or gravamen of the claim, not the label or form of action the plaintiff selects." (*Larson* at p. 347; *Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22-23].)

Here, notwithstanding Tate's attempt to characterize his claim as (apparently) for negligent breach of contract,[4] its gravamen is the harm he allegedly suffered during, and due to, being transferred to the hospital at Sierra Conservation Center after surgery. A physician's decision to discharge a patient to a care facility and the arrangements for the patient's transfer there are integrally related to the patient's medical care and, therefore, undoubtedly a component of the rendering of medical care "within the scope of services for which the provider is licensed." (§340.5, subd. (2); see *Barris v. County of Los Angeles* (1999) 20 Cal.4th 101, 109-110 [claim against hospital for failing to stabilize emergent patient before transferring to another medical facility sounded in professional negligence].) Tate's claims

<hr>

pertinent authority or the record, that "[t]he complaint is clear on the intentional tort." Matters not properly raised or that lack adequate legal discussion and appropriate references to the record will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656; *Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779-801.) This is such a case.

[4] We express no opinion as to whether the law would recognize such a claim if it were timely filed and not otherwise barred.

against the medical defendants were therefore subject to, and barred by, section 340.5's one-year limitations period.

## II. Tate's Action Against the Prison Defendants is Barred by the Government Claims Act

As noted, the trial court found Tate's action against the prison defendants was barred by his failure to submit a claim as required by the Government Claims Act. We agree.

### A. Applicable Law

Suits for money or damages filed against a public entity are regulated by statutes contained in Division 3.6 of the Government Code, commonly referred to as the Government Claims Act. "We have previously noted that '[s]ection 905 requires the presentation of "all claims for money or damages against local public entities," subject to exceptions not relevant here. Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within a year. [Citation.] "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected. . . ." [Citation.] "Thus, under these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." ' " (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 989-990.)

"[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause

of action." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1243.)

We apply the same standard of review for a judgment on the pleadings as for a demurrer. (*Rippon v. Bowen* (2008) 160 Cal.App.4th 1308, 1312.) " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." ' " (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6; *Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374 [complaint otherwise good on its face is subject to demurrer when judicially noticed facts render it defective]; Code Civ. Proc., § 430.30, subd. (a).) "Indeed, when the allegations of the complaint contradict or are inconsistent with [judicially noticed] facts, we accept the latter and reject the former." (*Blatty v. New York Times Co.* (1986) 42 Cal.3d 1033, 1040; *Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1752-1753 (*Fowler*).)

### B. Analysis

Tate checked the box on his form complaint indicating he had complied with the applicable claims statutes. However, based on Ms. Gottlieb's certification, the prison defendants asked the court to judicially notice the fact that Tate had not submitted a government claim. The court properly granted the request pursuant to Evidence Code section 452, subdivision (c), which authorizes judicial notice of the official records of state agencies. (Evid. Code § 452, subd. (c); *Fowler, supra,* 42 Cal.App.4th at pp. 1752-1753; *Chas. L. Harney, Inc. v. State* (1963) 217 Cal.App.2d 77, 85-86.)

*Fowler* is squarely on point. There, based on the declaration of a state employee who was familiar with and had searched the relevant records, the court of appeal held the trial court properly judicially noticed the fact that the records of the State Board of Control did not contain a claim related to

Fowler's action. (*Fowler, supra*, 42 Cal.App.4th at pp. 1752-1753.) The same is true here. Just as in *Fowler*, the records of the Government Claims Program, as evidenced by Ms. Gottlieb's certification, were the proper subject of judicial notice and established that Tate's action against the prison defendants was barred by his failure to comply with the Government Claims Act.

**III. Tate Was Not Entitled to Entry of Default**

As we understand his arguments, Tate asserts the court erred in denying his various requests to enter default as to each of the defendants. Specifically, he contends the medical defendants and Officer Mann defaulted by filing their demurrers after the time allowed for responsive pleadings and that, although the Department filed a timely general denial, a general denial does not qualify as a responsive pleading and "thus, amounts to a default." These contentions are meritless.

*A. Background*

Tate's original complaint was filed on June 29, 2018, and personally served on the medical defendants on July 19, 2018. On August 23, 2018, the medical defendants demurred and moved to strike portions of the complaint. Tate subsequently submitted a request for entry of default, which was denied with the notation, "demurrer filed 8/23/18."

On March 21, 2019, after the court sustained the medical defendants' demurrer, Tate filed an amended complaint against the Department and, for the first time, Officer Mann. Although the record on appeal does not appear to include a proof of service, the Department appears to concede service of the amended complaint was effected by mail on March 10. The Department filed a general denial on April 11, 21 days after Tate filed the amended complaint and proof of service and, it seems, 31 days after service by mail. Tate

8

thereafter requested a default judgment. The request was denied with the notation that the Department's general denial was already on file.

The amended complaint was personally served on Officer Mann on May 21, 2019. His demurrer was filed June 20, 2019, 30 days after service, and, again, Tate's ensuing request for entry of default was denied because the demurrer was on file.

### *B. Analysis*

Default may be entered if the defendant is served but fails to respond by filing an answer or other responsive pleading or motion within the time allowed by statute. (Code Civ. Proc., § 585, subds. (a)-(c).) Here, the Department filed its general denial to the amended complaint within the statutory time to respond. (Code Civ. Proc. §§ 471.5, subd.(a) [30 days to respond], 1013, subd. (a) [5-day extension for service by mail].) Notwithstanding Tate's contrary assertion, a general denial is a sufficient responsive pleading where, as here, the complaint is unverified. (Code. Civ. Proc., §§ 431.30, subd. (d), 446.)

Tate does not dispute that Officer Mann's demurrer was filed within 30 days of being served with the amended complaint on May 21. Instead, he appears to contend it was nonetheless untimely because he *also* effected service on Officer Mann on March 10 and March 21. Those claims are unsupported by anything Tate cites or that we have found in the record. " 'The appellate court is not required to search the record on its own seeking error.' [Citation.] Thus, '[i]f a party fails to support an argument with necessary citations to the record,' . . . the argument [will be] deemed to have been waived. " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; see *Mountain Lion Coalition v. Fish & Game Com*. (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) Tate's assertions that Officer Mann fraudulently evaded earlier

9

attempts to serve the summons and complaint, as well as his scattershot collection of claims of fraud and deception aimed at the other defendants, are equally unsupported by the record and, therefore, fail for the same reason.

The medical defendants do not deny that their demurrer was filed after the time to respond elapsed, but that does not end the matter. "[I]t is now well established by the case law that where a pleading is belatedly filed, but at a time when default has not yet been taken, the plaintiff has, in effect, granted the defendant additional time within which to plead and he is not strictly in default." (*Goddard* v. *Pollock* (1974) 37 Cal.App.3d 137, 141.) Thus, " '[i]t is generally recognized that an untimely pleading is not a nullity, and it will serve to preclude the taking of default proceedings unless it is stricken.' " (*Ibid.*) The medical defendants filed the demurrer on August 23, 2018, a week before Tate signed his request for default and 21 days before it was filed. Accordingly, it was properly denied.

In summary, our review discloses no error in the underlying proceedings.

## DISPOSITION

The judgments of dismissal are affirmed. The respondents are entitled to costs on appeal.

10

_____
                                    Wiseman, J.*


WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.

*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.