**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANN REDD-OYEDELE,

          Plaintiff-Appellant,

v.

SANTA CLARA COUNTY OFFICE OF
EDUCATION; MARY ANN DEWAN,
County Office of Education,

          Defendants-Appellees.

No.   22-15728

D.C. No. 5:20-cv-00912-SVK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Submitted October 26, 2023[**]

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

    Ann Redd-Oyedele appeals pro se from the district court's summary

judgment in favor of Santa Clara County Office of Education (SCCOE) in her

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

action for discrimination and retaliation. 42 U.S.C. §§ 2000e-2(a)(1) & 2000e-3(a); 29 U.S.C. § 623(a)(1). She also appeals the district court's dismissal of her claims against SCCOE superintendent Mary Ann Dewan without leave to amend, and several of the district court's discovery and evidentiary rulings. We review the summary judgment and dismissal of claims de novo,[1] and the other rulings for abuse of discretion.[2] We affirm.

The district court did not err in granting summary judgment on Redd-Oyedele's race discrimination claim. SCCOE adequately articulated a non-discriminatory reason for not promoting Redd-Oyedele—namely, that she did not receive a passing score in her Qualifications Appraisal Interview. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). Redd-Oyedele, in turn, failed to raise a material issue of pretext by providing "'specific' and 'substantial'" circumstantial evidence[3] suggesting that SCCOE did not

---

[1] *See L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (dismissals); *Shelley v. Geren*, 666 F.3d 599, 604 (9th Cir. 2012) (summary judgment).

[2] *See Californians for Renewable Energy v. Cal. Pub. Utils. Comm'n*, 922 F.3d 929, 935 (9th Cir. 2019) (denial of leave to amend); *Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1202 (9th Cir. 2013) (evidentiary rulings); *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996) (discovery rulings).

[3] *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998).

promote her at least in part due to discriminatory intent.[4]  Moreover, her evidence

does not suggest that discrimination is SCCOE's "'standard operating procedure.'"

*See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005).

Likewise, the district court properly granted summary judgment on Redd-

Oyedele's age discrimination claim.  The mere fact that she was older than the

chosen candidate is not enough to raise a material issue of pretext.  *See Coleman v.

Quaker Oats Co.*, 232 F.3d 1271, 1282–85 (9th Cir. 2000).

Her retaliation claim fares no better; summary judgment was proper.  *See

McGinest*, 360 F.3d at 1124; *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S.

268, 273–74, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) (per curiam).

Dismissal of Redd-Oyedele's retaliation and intentional infliction of

emotional distress (IIED) claims against Dewan was appropriate.  Individuals

cannot be liable for damages under 42 U.S.C. § 2000e-3,[5] and improperly-

motivated personnel management is not outrageous conduct required for an IIED

---

[4] *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1123 (9th Cir. 2004); *see also Cotton v. City of Alameda*, 812 F.2d 1245, 1249 (9th Cir. 1987); *Casillas v. U.S. Navy*, 735 F.2d 338, 344–45  (9th Cir. 1984).

[5]  *See Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003).

22-15728

claim.[6]  Dismissal of her negligent infliction of emotional distress claims was also appropriate.[7]

The district court did not abuse its discretion by ultimately denying leave to amend the claims because amendment would be futile.  *See Californians for Renewable Energy*, 922 F.3d at 935.

Nor did the district court's discovery rulings constitute an abuse of discretion.  *See Blackburn*, 100 F.3d at 1436 (limiting scope of discovery); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (denial of discovery).  Similarly, the district court reasonably declined to reopen discovery.  *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002).  And, good cause is apparent in the record[8] for the district court's partial grant of a protective

---

[6] *See Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 756 (Ct. App. 1996).

[7]  *See California v. Superior Court*, 90 P.3d 116, 120 (Cal. 2004) (official capacity claim); *see also Fowler v. Howell*, 50 Cal. Rptr. 2d 484, 486–87 (Ct. App. 1996) (same); *Semore v. Pool*, 266 Cal. Rptr. 280, 291 (Ct. App. 1990) (intentional nature of claim).

[8] *See Father M v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011).

order for SCCOE; Redd-Oyedele has not explained how the ruling caused prejudice.[9]

Finally, the district court did not abuse its discretion in making evidentiary rulings. *See Grand Canyon Skywalk Dev.*, 715 F.3d at 1202. The district court's implied denial of Redd-Oyedele's objections to SCCOE's declarations was not an abuse of discretion. SCCOE adequately disclosed its witnesses as required under Federal Rule of Civil Procedure 26(a)(1) and (e)(1), and attorney Eric Bengston's declaration was proper. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889, n.12 (9th Cir. 1996). Nor did the court abuse its discretion by excluding declarations from Redd-Oyedele; her failure to respond to objections in the district court waived her challenge. *See Nursing Home Pension Fund v. Oracle Corp. (In re Oracle Corp. Sec. Litig.*), 627 F.3d 376, 385–86 (9th Cir. 2010).

We decline to consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

---

[9] *See Hallett*, 296 F.3d at 751.