Filed 2/2/24  Rosas v. County of Santa Cruz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

GABRIEL ROSAS,

    Plaintiff and Appellant,

v.

COUNTY OF SANTA CRUZ et al.,

    Defendants and Respondents.

H050654
(Santa Cruz County
 Super. Ct. No. 20CV01713)

Appellant Gabriel Rosas encountered respondent Tim Newman as Rosas was recording a video inside of the Santa Cruz County Government Center (Government Center).  Newman, the director of criminal and traffic operations for the Santa Cruz County Superior Court (Superior Court), informed Rosas that recording in the building violated a rule of court and asked him to stop filming.  Rosas refused and, at Newman's request, Santa Cruz County Sheriff's Sergeant Mark Yanez attempted to escort Rosas from the building and eventually placed him under arrest.  Rosas filed a complaint naming the County of Santa Cruz, Yanez, and Newman as defendants and alleging causes of action for negligence and "intentional tort."  After the trial court granted Newman's motion for summary judgment and his motion for costs pursuant to Code of Civil Procedure section 1038,[1] Rosas appealed.

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

On appeal, Rosas argues the trial court erred in granting the motion for summary judgment because Newman failed to show that he was acting in the course and scope of his employment during his interactions with Rosas and thus Rosas need not have filed a claim with the Superior Court under the Government Claims Act. (Gov. Code, § 810 et seq.) As to the motion for costs, Rosas argues that Newman is not a public entity and thus not entitled to costs under that statute and, alternatively, that the trial court erred in concluding that his action was not brought with reasonable cause or in good faith.

As we explain below, we reject Rosas's arguments in their entirety and will affirm both the judgment and the order awarding Newman's costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The allegations of the operative complaint

On April 22, 2021, Rosas filed the operative second amended complaint (SAC) in the Santa Cruz County Superior Court, listing two causes of action: (1) negligence, and (2) "intentional tort."[2] According to the allegations of the SAC, on October 29, 2019, Rosas "entered the [] Government Center to conduct legitimate business and was wrongfully told by employees of the County of Santa Cruz that he was not allowed to record in the building." Two Santa Cruz County Sheriff's deputies "wrongfully ordered [Rosas] to leave the public facility because he was allegedly violating Penal Code [section] 632." "Newman, acting outside the course and scope of his employment," wrongfully told Rosas "he was not allowed to film in the building due to the 'rules of court[.]' " Newman also informed Rosas that he "needed an 'order from the judge in order to film in a courthouse' which was a knowingly untruthful statement intended to

---

[2] In his discovery responses, Rosas claimed that he also alleged causes of action for criminal conspiracy, violation of the Bane Act (Civ. Code, § 52.1), and 42 U.S.C. Section 1983 (Section 1983). As discussed below, Newman's motion for summary judgment also sought adjudication of Rosas's unpleaded cause of action for a violation of Section 1983.

2

violate [Rosas]'s first amendment rights and the Bane Act." When Rosas informed Newman and the two deputies that he had a "first amendment right to record in public as freedom of the press and that he would not stop recording[,] … Newman responded that the [] Government Center was 'part of the courthouse' and that the 'rule of court' prohibited filming." However, according to Rosas, those statements were also false and "intended to violate [his] first amendment rights and the Bane Act."

The SAC also alleged that after the deputies "and a First Alarm Private Security officer" informed Rosas that his "activities were 'completely fine', 'perfectly legal', and 'were fine because it's a public area[,]' … Newman then wrongfully told [Rosas] that he was the 'director of the court here', … and that he 'knows the rules of court regardless of what they [i.e., the law enforcement officers and private security guard] may tell you.' " When Rosas told Newman he would not stop recording, in reliance on the statements from law enforcement officers, Newman "confirmed that the building was not a courthouse, but was a government building" and that Rosas could not record "because people might not want to be recorded."

Ultimately, Sergeant Mark Yanez contacted Rosas and told him that Newman had instructed him to arrest Rosas, though Yanez "did not want to." Yanez and another deputy then "assaulted, battered, wrongfully detained, arrested, and imprisoned" Rosas and damaged his property. The SAC further alleged that Newman "conspired with the Santa Cruz County Sheriff's Office to commit [these] acts" and "Newman's actions were intentional, wrongful, and committed with [] malicious intent." Rosas sought compensatory and punitive damages.

### B. Motion for summary judgment or, in the alternative, summary adjudication

On July 15, 2022, Newman filed a motion for summary judgment or, in the alternative, summary adjudication on the following grounds: (1) his actions fell within the course and scope of his duties as a public employee and Rosas's failure to comply

3

with the Government Claims Act precludes an action for damages under state law; (2) Rosas cannot sustain a Section 1983 claim because (a) he does not allege that Newman was acting "under color of state law," and (b) even if Rosas could state such a claim, Newman is entitled to qualified immunity.

### C. The trial court's order

After the matter was briefed, the trial court issued a tentative ruling granting the motion for summary judgment. Rosas did not contest the tentative ruling. On October 7, 2022, the trial court filed an 8–page written order granting Newman's motion. The trial court found that Newman had met his initial burden of proof and shown that he was acting within the course and scope of his employment during his encounter with Rosas and that Rosas was therefore required to file a claim pursuant to the Government Claims Act. Because Rosas was required to file such a claim and did not allege he did so, the causes of action for negligence and intentional tort are barred.[3] Next, the trial court concluded that Newman met his burden of proof with respect to Rosas's (unpleaded) cause of action under Section 1983 because Rosas has not alleged that Newman was acting "under color of state law."[4]

---

[3] The trial court noted that, because Rosas failed to file a responsive separate statement of undisputed material facts with his opposition to Newman's motion, it had discretion to grant the motion for summary judgment. It seems that the trial court did not exercise its discretion in this fashion since its order expressly states that Rosas "failed to create a triable issue of material fact" with respect to Newman's immunity under the Government Claims Act.

[4] The trial court further found that Rosas "is judicially estopped from now asserting that [] Newman acted under color of State Law[,]" as a consequence of his "repeatedly plead[ing] that Newman was acting outside the scope of his employment." Based on its rulings, the trial court did not address Newman's Section 1983 qualified immunity argument.

4

*C. Section 1038 motion for costs*

On November 2, 2022, Newman moved for an order awarding his defense costs pursuant to section 1038 on the ground that Rosas's action was not brought "with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law." (§ 1038, subd. (a).) On January 3, 2023, the trial court granted Newman's motion and awarded him attorney fees and costs in the amount of $31,500.19.[5]

Rosas timely appealed from the judgment[6] and the order awarding costs.

## II. DISCUSSION

### A. *No error in granting motion for summary judgment*

Rosas argues that the trial court erred in granting Newman's motion for summary judgment on the grounds that Newman failed to show that he was acting in the course and scope of his employment with the Superior Court when he: (1) told Rosas he could not film in the Government Center, and (2) instructed Yanez to place Rosas under arrest. We disagree.

#### 1. *Legal principles*

##### a. *Summary judgment and standard of review*

A party may move for summary judgment on the ground that the action has no merit. (Code Civ. Proc., § 437c, subd. (a)(1).) The motion must be granted if there is no triable issue of material fact and if the moving party is entitled to judgment as a matter of

---

[5] The trial court also ordered that "the Superior Court shall recover filing fees in the amount of $1,115.00." In his opening brief, Rosas does not argue that this aspect of the trial court's order is incorrect, only that the trial court erred in awarding $31,500.19 to Newman pursuant to section 1038.

[6] For reasons that are not explained by the record or the parties, judgment was not entered in this case until March 3, 2023. On our own motion, this court deemed that Rosas's notice of appeal was filed on March 3, 2023.

law.  (*Id.*, subd. (c).)  The moving party "bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if [the movant] carries [this] burden of production," the burden of production shifts to the opposing party "to make a prima facie showing of the existence of a triable issue of material fact."  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).)

In determining whether the parties have met their respective burdens, "the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party."  (*Aguilar, supra*, 25 Cal.4th at p. 843.)  "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof."  (*Id.* at p. 850, fn. omitted.)

The first step of the summary judgment analysis is both defined and limited by the pleadings, which " 'set the boundaries of the issues to be resolved at summary judgment.' "  (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.)  " 'A moving party seeking summary judgment or adjudication is not required to go beyond the allegations of the pleading, with respect to new theories that could have been pled, but for which no motion to amend or supplement the pleading was brought, prior to the hearing on the dispositive motion. [Citations.]' "  (*Jacobs v. Coldwell Banker Residential Brokerage Co.* (2017) 14 Cal.App.5th 438, 444 (*Jacobs*).)  "A party may not oppose a summary judgment motion based on a claim, theory, or defense that is not alleged in the pleadings.  [Citation.]  Evidence offered on an unpleaded claim, theory, or defense is irrelevant because it is outside the scope of the pleadings.  [Citation.]"  (*California Bank & Trust v. Lawlor* (2013) 222 Cal.App.4th 625, 637, fn. 3.)  "In reviewing a trial court's grant of summary judgment, . . . ' "[w]e take the facts from the record that was before the

6

trial court when it ruled on that motion" ' and ' " ' "review the trial court's decision de novo . . . ." ' " ' " (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1039.)

### b. Government Claims Act

The Government Claims Act generally requires that claims for damages against a public entity be presented to the entity before the injured party files a lawsuit to recover those damages. (Gov. Code, § 905.) The purpose of that requirement is " 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.' " (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738.) Failure to timely present a claim to the public entity in the manner required by statute bars a plaintiff's suit against that entity. (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1240.)

The claim presentation requirement applies to a lawsuit against an employee of a public entity as well, so long as the lawsuit is based on conduct within the course and scope of employment. (Gov. Code, § 950.2.) To state a cause of action for damages against a public employee for acts within the course and scope of their employment, the plaintiff must allege facts in the complaint demonstrating compliance with the claim presentation requirement. (*State of California v. Superior Court, supra*, 32 Cal.4th at p. 1239.)

" 'Ordinarily, the determination whether an employee has acted within the scope of employment presents a question of fact; it becomes a question of law, however, when the "facts are undisputed and no conflicting inferences are possible." ' [Citation.]" (*Lisa M. v. Henry Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291, 299.) An employee acts within the scope of employment when engaged in work he or she was employed to perform or when an act is incident to a work-related duty and was performed for the benefit of the employer and not to serve the employee's own purpose. (*Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1750-1751.) The inquiry is not whether the

7

wrongful act was itself authorized by the employer but whether it was committed while performing acts which were authorized.  (*Id.* at p. 1751.)

### c. Section 1983

Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  To maintain an action for a violation of Section 1983, the plaintiff must plead and prove two things: (1) a person has deprived him, her, or them of a federal right, and (2) the person who did so "acted under color of state or territorial law.  [Citation.]"  (*Gomez v. Toledo* (1980) 446 U.S. 635, 640 [64 L. Ed. 2d 572, 100 S. Ct. 1920].)

### 2. Analysis

In support of his motion for summary judgment, Newman presented his own declaration, as well as declarations from the Superior Court's executive officer, Alex Calvo, and his attorney.[7]  Newman argued that he was entitled to summary judgment on Rosas's negligence and intentional tort causes of action because he was acting in the course and scope of his employment at all times during his encounter with Rosas.  As a result, Rosas's failure to file a claim under the Government Claims Act means that he cannot bring a tort action against Newman.  In addition, although no Section 1983 cause of action was pleaded in the SAC, Newman argued that Rosas cannot maintain any such

---

[7] In his declaration, Calvo stated that he had reviewed the Superior Court's files and confirmed they "do not contain a claim made pursuant to the Government Claims Act from [Rosas] for damages purportedly caused by [] Newman."  The declaration from Newman's counsel authenticated the various exhibits submitted in support of the motion for summary judgment.

8

claim because he has not and cannot allege that Newman acted under color of authority. For the reasons discussed below, we agree.

### a. Newman's evidence met his initial burden of proof

Newman's evidence showed that, since late 2013, he has been employed as "the director of criminal and traffic operations" for the Superior Court. In that position, Newman's responsibilities "include[] overseeing the courtroom clerks, interpreters, court reporters, and the clerks who staff the criminal and traffic windows at the Superior Court." As part of those responsibilities, Newman is tasked with "maintaining the orderly operation of the criminal and traffic divisions" including the "discretion to contact law enforcement in the event of situations affecting" those divisions. Newman also "occasionally work[s] with members of the media to coordinate their access to film in Superior Court facilities for high profile cases."

Newman also provided evidence that the "[] Government Center … houses the Superior Court as well as … [t]he clerks' windows for the [superior court's] criminal and traffic divisions." Because his office is located behind those windows, Newman "occasionally assist[s] the clerks if there is a situation affecting court operations."

According to Newman, he "encountered … Rosas" on October 29, 2019, when Rosas was "filming in the area [of the criminal and traffic clerks' windows] with a camera." Newman told Rosas he was "the director of the court" and asked if Rosas was a member of the press. When Rosas said he was a member of the press, Newman advised him that the rules of court prohibited filming at a courthouse without permission and provided him with a copy of the application used to obtain judicial authorization to film. Newman asked Rosas to stop filming "so as to respect the privacy of jurors and people who have business at the courthouse" but Rosas refused to do so. Newman then contacted Sergeant Yanez with the Santa Cruz County Sheriff's Office.

9

This evidence was sufficient to meet Newman's initial burden of proof to establish that: (1) he acted in the course and scope of his employment at all times during his interactions with Rosas, (2) Rosas failed to allege that he complied with the Government Claims Act as to his claims against Newman, and (3) Rosas failed to present a claim under the Government Claims Act to the Superior Court for any damages allegedly caused by Newman. The evidence also was sufficient to meet Newman's initial burden of proof that he is not liable under Section 1983 because Rosas did not allege that Newman was acting under color of law.

### *b. Rosas's evidence did not raise a triable issue of fact*

Having determined that Newman met his initial burden of proof, we now examine whether Rosas met his burden to produce evidence which "make[s] a prima facie showing of the existence of a triable issue of material fact." (*Aguilar, supra*, 25 Cal.4th at p. 850.)[8] We conclude that he failed to do so.

---

[8] Newman notes that Rosas's opening brief does not cite to the record on appeal, nor does it state what standard of review we apply. He argues that Rosas has therefore failed to show reversible error and we should affirm the judgment and order awarding costs. Though we do not condone Rosas's failure to comply with Rule 8.204(a)(1)(C) of the California Rules of Court, which requires each brief to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears[,]" appellate courts have broad discretion to address alleged violations of the rules of court. "A violation of the rules of court may result in the striking of the offending document, the waiver of the arguments made therein, the imposition of fines and/or the dismissal of the appeal." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) This court also has discretion to disregard lack of compliance with the briefing rules. (See Cal. Rules of Court, rule 8.204(e)(2)(C).) Accordingly, we will exercise our discretion and address the merits of the appeal. We also do not consider Rosas's failure to set forth the standard of review in his brief as dispositive of the appeal as the appropriate standard can be readily determined.

The only evidence Rosas submitted in support of his opposition to the motion for summary judgment was his own declaration.[9] In that document, he stated that has "personally visited the [] Government Center and it does not contain any courtroom facilities." According to Rosas, he was "conduct[ing] legitimate business" in that building when Newman told him he "was not allowed to film in the building due to the 'rules of court' and that [Rosas] needed an 'order from the judge in order to film in a courthouse.' " Rosas refused to stop recording and informed Newman that he was doing so pursuant to his "first amendment right to record in public as freedom of the press."

In addition, Rosas states that, after Santa Cruz County Sheriff's deputy Cummings conferred with Sergeant Yanez, Cummings told him "it was legal" to record in the building so long as he "did not disrupt business." Rosas "was informed by law enforcement and a First Alarm Private Security officer that [his] activities were 'completely fine', 'perfectly legal', and 'were fine because it's a public area.' " After Rosas informed Newman of what he had been told by law enforcement officers, Newman responded that "he was the 'director of the court []," that the law enforcement officers were 'court security', and that he 'knows the rules of court regardless of what they may tell you'." Newman then told Rosas that even though the building "was not a courthouse," Rosas was still not allowed to record. Rosas then said that Sergeant Yanez arrived and informed him that "Newman had … instructed him to arrest" Rosas. Rosas was then "assaulted, battered, wrongfully detained, arrested, and imprisoned by [County of Santa Cruz] employees" at Newman's instruction.

---

[9] Newman also points out that Rosas did not submit a responsive separate statement of undisputed material facts in support of his opposition to the motion for summary judgment, as required by section 437c, subd. (b)(3) and Rule 3.1350(e),(f) of the California Rules of Court.

None of Rosas's evidence "make[s] a prima facie showing of the existence of a triable issue of material fact." (*Aguilar, supra*, 25 Cal.4th at p. 850.) There is no evidence relating to Newman's position or his duties, let alone evidence to show that Newman acted outside the course and scope of his authority as an employee of the Superior Court at any time during his interactions with Rosas.

Rosas was therefore required to present a claim to the Superior Court as provided by the Government Claims Act. Since Rosas did not, and has consistently maintained he need not do so, the lawsuit is barred under Government Code section 950.2.

### c. Unpleaded Section 1983 claim

With respect to Section 1983, Rosas briefly argues that he did allege that claim against Newman.[10] In a single paragraph of his opening brief, Rosas explains the basis of his claim. First, Newman intended to violate Rosas's First Amendment rights, and in furtherance of that intent, instructed Yanez to arrest Rosas. Second, "Yanez acted upon … Newman's instruction pursuant to the belief that … Newman was acting under the color of his authority — although his belief was mistaken." We disagree that this chain of events can support a Section 1983 cause of action.

Rosas offers no authority for this vicarious liability theory, i.e., that a party can be liable under Section 1983 based on a second party's mistaken belief that the party was acting under color of law. (Contra, *City of Canton v. Harris* (1989) 489 U.S. 378, 385 [109 S. Ct. 1197, 103 L. Ed. 2d 412] [respondeat superior or vicarious liability do not apply to section 1983 actions].) Rosas has consistently maintained that Newman was *not* acting within the scope of his employment or under color of law at any time during their

---

[10] In his brief, Newman contends that Rosas has forfeited any argument regarding the Section 1983 claim by failing to raise it in his opening brief. While Rosas's argument on this subject is quite short and not set apart by a heading or subheading, we will nonetheless exercise our discretion and reach the merits of the claim. (See Cal. Rules of Court, rule 8.204(e)(2)(C).)

12

interactions.  To prevail on a Section 1983 claim against Newman, Rosas must plead and prove that Newman, not anyone else, was acting under color of state law.

Since Rosas failed to meet his burden to present evidence raising a triable issue of fact in response to Newman's motion, the trial court did not err in granting summary judgment in favor of Newman.

### C. The motion for costs under section 1038

Rosas argues that the trial court erred in awarding costs to Newman under section 1038 because: (1) Newman is not entitled to costs under that statute as he is not a "public entity," and (2) the complaint was brought with "reasonable cause" and in "good faith."

In his brief, Newman counters that section 1038 is available to anyone, whether a person or an entity, who defended "any civil proceeding arising under the Government Claims Act."  On the merits, Newman argues that Rosas has failed to show that the trial court erred in concluding that his action against Newman was brought without reasonable cause and without good faith.

We agree with Newman that he may pursue recovery of his costs under section 1038 and that the trial court did not err in awarding those costs to him under the statute.

### 1. Newman is entitled to seek costs under section 1038

We first examine the language of section 1038 to determine whether Newman is permitted, as an individual, to seek costs pursuant to that statute.  As discussed below, we conclude that he may.

### a. Legal principles and standard of review

Section 1038, subdivision (a) states: "In any civil proceeding under the Government Claims Act . . . , the court, upon motion of the defendant …  shall, at the time of the granting of any motion for summary judgment, . . . determine whether or not the plaintiff … brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing

13

of the complaint …. If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party."

In interpreting the language of a statute, the principles of statutory construction are well established. " ' " 'Our task is to discern the Legislature's intent. The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs. On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction. In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy." [Citation.] " 'If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' [Citation.] … '[A] construction making some words surplusage is to be avoided.' [Citation.] 'When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.' [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." ' " (*DeNike v. Mathew Enterprise, Inc*. (2022) 76 Cal.App.5th 371, 378.)

We review the interpretation of a statute de novo. (*City of Saratoga v. Hinz* (2004) 115 Cal.App.4th 1202, 1212, citing *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

14

### b. Analysis

Section 1038's plain language states that it applies to "any civil proceeding under the Government Claims Act." (*Id*. at subd. (a).) The statute then provides that, "upon motion of the defendant … at the time of granting of any motion for summary judgment," the trial court must determine whether the plaintiff brought the action "with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law[.]" (*Ibid*.) Having made such a finding, the trial court then decides "the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding[.]" (*Ibid*.)

In ruling on the summary judgment motion, the trial court determined that Newman was acting in the course and scope of his employment by the Superior Court, and thus Rosas's action against Newman was necessarily a "civil proceeding under the Government Claims Act[.]" (§ 1038, subd. (a).) As a "defendant" in such a proceeding, Newman could therefore bring a motion to recover "the defense costs … incurred by the party … opposing the proceeding[, i.e., Newman.]" (*Ibid*.) The language of section 1038 does not state that only a "public entity defendant" may bring a motion for defense costs, nor does it state that recovery is limited to defense costs incurred by a "public entity party." Since the statute, on its face, refers only to "the defendant" and "the party or parties opposing the proceeding," there is no basis for inserting the qualifications that Rosas claims apply.

### 2. No error in awarding costs under section 1038

We now turn to whether the trial court erred in concluding that Rosas's complaint against Newman was not "brought … with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint." (§ 1038, subd. (a).) Rosas argues that his complaint had merit because: (1) the County of Santa Cruz and Yanez "pa[id] funds to [Rosas] to resolve the

15

litigation[,]" and (2) his complaint was not based on the Government Claims Act and thus his allegations that Newman acted outside the course and scope of his employment supported a claim for monetary damages.[11]  We disagree.

### a. Legal principles and standard of review

We first note one of the fundamental principles of appellate review, namely our presumption that the lower court's judgment or order is correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  The burden is on the appellant to provid[e] a record that establishes error, and where the record is silent, we must indulge all intendments and presumptions to support the challenged ruling.  (*Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183, 194, disapproved on another ground in *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1172.)  A reviewing court may not consider any statements of fact not supported by the record or any claims of error based on unsupported statements.  (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947 (*McOwen*).)

In order to successfully defend against a motion for costs under section 1038, the plaintiff must satisfy both prongs of the statute, i.e. that the action was "filed and pursued … with 'reasonable cause *and* in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint, …' [Citations.]" (*Hall v. Regents of University of California* (1996) 43 Cal.App.4th 1580, 1585 (*Hall*), italics in original.)  Conversely, in order to prevail under section 1038, the defendant need only negate one of those prongs, demonstrating either lack of good faith or reasonable cause.  (*Id*. at pp. 1585–1586.)

---

[11] Rosas's secondary argument appears to simply repeat the reasons why the trial court erred in granting the motion for summary judgment.  Rosas does not attempt to address section 1038's "reasonable cause" and "good faith" requirements in any meaningful way, aside from making the conclusory statements that "as detailed [in his opening brief], [Rosas] did maintain this action in good faith and with reasonable cause."

In resolving a section 1038 motion, the trial court determines the element of reasonable cause "objectively, as a matter of law, on the basis of the facts known to the plaintiff when he or she filed or maintained the action." (*Hall*, *supra*, at p. 1586.) Having established " 'what the plaintiff (or his or her attorney) knew … it is for the court to decide " 'Whether any reasonable attorney would have thought the claim tenable ….' " [Citations.]' " (*Ibid*.)

The second prong, i.e., " '[*g*]*ood faith*, or its absence, involves a factual inquiry into the plaintiff's subjective state of mind [citations]:  Did he or she believe the action was valid?  What was his or her intent or purpose in pursuing it?' " (*Hall*, *supra*, at p. 1586, italics in original.)  "Under the express wording of section 1038, 'good faith' is linked to a belief in a '*justifiable controversy* under the facts and law ….' " (*Ibid*., italics in original.)

A defendant may recover the costs of defending "not only [] tort actions initiated in bad faith, but also [] actions initiated in good faith but maintained in bad faith and without reasonable cause.  [Citation.]" (*Hall*, *supra*, 43 Cal.App.4th at p. 1586.)  "The standard of review of an award of attorney fees under [] section 1038 is both de novo and substantial evidence.  The 'reasonable cause' prong is reviewed de novo, and the 'good faith' prong is reviewed for substantial evidence." (*Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 888.)

### b. Analysis

#### i. Settlement with other defendants unsupported and irrelevant

We first dispose of Rosas's assertion that his complaint was brought with reasonable cause and in good faith because the County of Santa Cruz and Yanez both paid him to settle his claims against them.   First, this assertion is entirely unsupported by any citation to the record on appeal, nor has our review of that record revealed any

17

evidence to support his claim.  Therefore, we need not accept Rosas's assertion. (*McOwen*, *supra*, 153 Cal.App.4th at p. 947.)

Second, even assuming those defendants did enter into monetary settlements with Rosas, Rosas's claims against those defendants were separate and distinct from his claims against Newman.  Whether Rosas's allegations against the County of Santa Cruz and Yanez may have been brought and maintained in good faith and with reasonable cause *as to those defendants* is not in any way determinative of the merits of his allegations against Newman.

### ii. Rosas has not shown error in awarding costs under section 1038

We now address whether Rosas has met his appellate burden of demonstrating reversible error by the trial court in concluding that the complaint against Newman was brought and maintained without reasonable cause and without a good faith belief that there was a justiciable controversy under the law.  (§ 1038, subd. (a).)  We conclude that he has not met that burden.

In conducting our reasonable cause prong analysis, we find Rosas's argument on this issue is conclusory.  After essentially rearguing his opposition to the motion for summary judgment, Rosas simply asserts that he "maintain[ed] this action in good faith and with reasonable cause."  He cites no authority on this matter, not even to discuss how the trial court should apply the terms of section 1038 or what standard(s) of review this court should apply to the trial court's decision.  Instead, Rosas continues to maintain that, because he alleged that Newman was acting outside the course and scope of his authority, his lawsuit was not subject to the Government Claims Act.  However, Rosas was aware,

18

as of at least December 8, 2020, that Newman was acting in the course and scope of his employment during his interactions with Rosas.[12]

With Newman having admitted that he was acting within the scope of his employment during his interactions with Rosas, a reasonable attorney would have recognized that a tort claim against Newman was subject to the Government Claims Act and either dismissed the action or perhaps sought relief from the failure to file the necessary claim.[13] Rosas makes no effort to explain how there was reasonable cause to maintain his action in the face of Newman's admission or that he could still harbor a good faith belief that a justiciable controversy existed. Instead, Rosas reiterates that he alleged Newman was not acting in the course and scope of his employment and that, in his view apparently, is sufficient. As Rosas has cited no authority for this position and our research has disclosed none, we reject this argument.

Because we conclude that there was no reasonable cause to maintain the action, we need not address good faith or its absence. Accordingly, we conclude that Rosas has failed to show that the trial court erred in granting Newman's motion for costs pursuant to section 1038.

---

[12] Among the discovery Rosas propounded in this case was a request for admission, dated October 20, 2020, that "Newman worked in the course and scope of his employment on October 29, 2019, when he had an encounter with [Rosas] within a County of Santa Cruz public facility." Newman responded to this request for admission on December 8, 2020, as follows: "Objection. This request for admission is vague and ambiguous because it is compound. Without waiving and subject to this objection, Responding Party answers as follows: Admitted."

[13] "Pursuing an action against a defendant with 'conclusive statutory immunity' is unreasonable as a matter of law. [Citation.]" (*Lee v. Department of Parks & Recreation* (2019) 38 Cal.App.5th 206, 216, citing *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 863.)

19

### III.   DISPOSITION

The judgment and post–judgment order awarding costs pursuant to Code of Civil Procedure section 1038 are affirmed.  Newman shall recover his costs on appeal.

_____

WILSON, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

BAMATTRE-MANOUKIAN, J.

H050654

*Rosas v. County of Santa Cruz et al.*